**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| STATE OF DELAWARE | : | |
| | : | |
| v. | : | I.D. No.: 2203006971 |
| | : | |
| KEVIN JONES, | : | |
| | : | |
| Defendant. | : | |

**ORDER**

Submitted: February 21, 2025[1]
Decided: May 6, 2025

On this 6th day of May, 2025, after considering Defendant Kevin Jones's Motion for Postconviction Relief, plea counsel's Response, the State's Response, Mr. Jones's Reply, the Commissioner's Report and Recommendation, and the record in this case, **IT APPEARS THAT:**

1.  On January 11, 2023, Mr. Jones pled guilty to: one count of Possession of a Firearm and Drugs under 11 Del. C. § 907; one count of Carrying a Concealed Deadly Weapon under 11 Del. C. § 222(12); and one count of Criminal Impersonation under 11 Del. C. § 907.[2] This Court sentenced Mr. Jones to twelve

---

[1] This matter was deemed submitted by the Court on February 21, 2025, as no objections to Commissioner's Report and Recommendation were filed. See Super. Ct. Crim. R. 62(a)(5)(ii).

[2] State v. Jones, Del. Super., ID No. 2203006971, Freud, A (Jan. 30, 2025) (REPORT) (the Commissioner's Report and Recommendation, hereinafter, the "Report").

years of incarceration at Level V, suspended after four years, for varying levels of probation.[3]  Mr. Jones did not appeal his conviction.[4]

2.  On March 23, 2023, Mr. Jones filed a *pro se* Motion for Modification of Sentence.[5]  The Court denied that motion on March 27, 2023, noting that Mr. Jones's sentence conformed with the plea agreement reached between Mr. Jones and the State.[6]  On April 12, 2024, Mr. Jones, *pro se*, filed the instant Motion for Postconviction Relief.[7]  The Court referred the matter to a Superior Court Commissioner.[8]

3.  On May 6, 2024, Mr. Jones again filed a Motion for Correction of Sentence.[9]  The Court denied that motion on May 7, 2024.[10]  Mr. Jones then filed an amended Motion for Postconviction Relief on July 7, 2024.[11]  As Mr. Jones based

---

[3] Id. at 2.

[4] Id.

[5] Id.

[6] See D.I. 33 (Mar. 27, 2023).

[7] Report at 2.

[8] D.I. 35 (Apr. 17, 2024).

[9] D.I. 37 (May 6, 2024).

[10] D.I. 38 (May 7, 2024).

[11] D.I. 41 (July 5, 2024).

his claim for postconviction relief on ineffective assistance of counsel, the Commissioner requested an affidavit from Mr. Jones's plea counsel.[12] Plea counsel filed her Response on August 6, 2024.[13] The State filed its Response on August 7, 2024.[14] Mr. Jones filed a Reply to plea counsel's filing on August 15, 2024.[15] Mr. Jones also filed a Reply to the State's Response on August 19, 2024.[16]

4. Mr. Jones filed a third Motion for Modification of Sentence on September 9, 2024.[17] The Court denied that motion on September 11, 2024.[18] The Court's denial reiterated that Mr. Jones had not introduced any new information compelling the Court to reconsider the plea agreement he entered with the State.[19]

5. The Commissioner issued her Report on January 30, 2025.[20] The Report found Mr. Jones failed to comply with the timeliness requirement of Superior

---

[12] D.I. 39 (May 14, 2024).

[13] D.I. 44 (Aug. 6, 2024).

[14] D.I. 45 (Aug. 7, 2024).

[15] D.I. 47 (Aug. 15, 2024).

[16] D.I. 46 (Aug. 19, 2024).

[17] D.I. 48 (Sept. 9, 2024).

[18] D.I. 49 (Sept. 11, 2024).

[19] Id.

[20] D.I. 53 (Jan. 30, 2025).

Court Criminal Rule 61(i)(1).[21] Further, the Report concluded Mr. Jones failed to satisfy either prong of the <u>Strickland</u> test for ineffective assistance of counsel.[22] Accordingly, the Commissioner recommended this Court deny Mr. Jones's Motion for Postconviction Relief.[23]

6. Superior Court Criminal Rule 62(b) provides that any party "appealing the findings of fact and recommendations of a Commissioner under subparagraph (5) who fails to comply with the provisions of this rule may be subject to dismissal of said motion for reconsideration or appeal." Any objections to the Commissioner's proposed findings of fact and recommendations must be filed within 10 days of the Commissioner issuing her report.[24] Mr. Jones has not filed any objections to the Commissioner's report, nor has he asked this Court to reconsider any of the Report's findings.

7. Superior Court Criminal Rule 61(i) requires any motion for postconviction relief be filed within one year of the judgment of conviction becoming final. As Mr. Jones did not appeal his conviction, it became final on January 11, 2023. The Court did not receive Mr. Jones's Motion for Postconviction

---

[21] Report at 10.

[22] <u>Id</u>.

[23] <u>Id</u>.

[24] Super. Ct. Crim. R. 62(a)(5)(ii).

4

Relief until April 12, 2024.[25]  The Court agrees with, and adopts, the Report's finding that Mr. Jones's motion is procedurally barred by the requirements of Rule 61.

**NOW, THEREFORE,** after a *de novo* review of the record in this action, and consideration of the parties' arguments and the Commissioner's Report and recommendations dated January 30, 2025;

**IT IS HEREBY ORDERED** that the Commissioner's Report and Recommendation is Adopted by this Court.  Mr. Jones failed to file his motion within one year of final judgment of his conviction, as required by Superior Court Criminal Rule 61.  Thus, his motion is procedurally barred.  Mr. Jones failed to file any objections to the Commissioner's Report within the ten-day window outlined by Superior Court Criminal Rule 62.  As such, Mr. Jones waives any objections to the Report.  Mr. Jones's Motion for Postconviction Relief pursuant to Superior Court Rule 61 must be **DENIED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds

---

[25] Mr. Jones's Motion is dated April 10, 2024.  Even if the Court accepted that date as the date Mr. Jones filed his Motion for Postconviction Relief, it falls outside of the one-year timeline required by Rule 61.

5

oc:    Prothonotary
cc:    The Honorable Andrea M. Freud
       Trial Counsel
       Mr. Kevin Jones